AO 93 (Rev. 12/09) Search and Seizure Warrant (USAO CDCA Rev. 01/2013)

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

**ORIGINAL**

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 18-MJ-03320
SUBJECT PREMISES: )
1320 Magnolia Avenue )
Gardena, California 90247 )

## AMENDED SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the      Central      District of      California     
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

See Attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property. Such affidavit(s) or testimony are incorporated herein by reference and attached hereto.

**YOU ARE COMMANDED** to execute this warrant on or before     14 days from the date of its issuance    
*(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.
   *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____.

Date and time issued: Dec. 17, 2018 @ 3:20 pm

_____
Judge's signature

City and state: Los Angeles, California         Maria A. Audero, U.S. Magistrate Judge
                                                *Printed name and title*

AUSA: Joshua O. Mausner, (213) 894-0619

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 18-MJ-03320 | Date and time warrant executed: 12/18/2018 at 6:05 AM | Copy of warrant and inventory left with: Jose Abrego |
|---|---|---|

Inventory made in the presence of: Jose Abrego

Inventory of the property taken and name of any person(s) seized:

[Please provide a description that would be sufficient to demonstrate that the items seized fall within the items authorized to be seized pursuant to the warrant (e.g., type of documents, as opposed to "miscellaneous documents") as well as the approximate volume of any documents seized (e.g., number of boxes). If reference is made to an attached description of property, specify the number of pages to the attachment and any case number appearing thereon.]

1. Corsair computer tower S/N 11651426 9719
2. Samsung Galaxy S5 IMEI 990004850143730
3. Samsung Galaxy S8 S/N R38J7OBEVXX
4. Asus Tablet
5. Samsung Tablet S/N R52K300DATB
6. Sony External Harddrive S/N REVOAIKZB234A44
7. Teamgroup 16GB thumb drives (3 Total)
8. Kingston 64GB thumbdrive
9. SATA chip board S/N 068323-0444
10. SATA chip board S/N 881713400218
11. SATA chip board S/N 132351400664
12. SATA chip board S/N 831552301979
13. SATA chip board S/N 1239343 00449
14. SATA chip board S/N 831631401478
15. SATA chip board S/N HD014000730
16. SATA chip board S/N 261716113285
17. SATA chip board S/N 831622500060
18. SATA chip board S/N 1239343 00955
19. SATA chip board S/N 831631401499
20. SATA chip board S/N 151429402453
21. Corsair thumbdrive
22. Sandisk Cruzer S/N SDCZ36-0026
23. Buffalo External hard drive
24. Rosewill External harddrive S/N 171B2245121300024
25. Asus Nexus tablet
26. Motorola Verizon cell phone
27. LG Cingular cell phone S/N 610KPUU874D94
28. Sandisk 4GB media
29. Alienware Laptop S/N 4D433P1
30. Samsung USB

**Certification** (by officer present during the execution of the warrant)

I declare under penalty of perjury that I am an officer who executed this warrant and that this inventory is correct and was returned along with the original warrant to the designated judge through a filing with the Clerk's Office.

Date: 12/21/2018

_Executing officer's signature_

Christine de Leon - Special Agent
_Printed name and title_

AUSA: Joshua O. Mausner, (213) 894-0619

## ATTACHMENT A

<u>PREMISES TO BE SEARCHED</u>

   The premises to be searched is the property located at 1320 Magnolia Avenue, Gardena, California 90247 (the "SUBJECT PREMISES"). The SUBJECT PREMISES is located on a single lot shared with a garage and two other houses, 1320 ½ Magnolia Avenue and 1320 ¾ Magnolia Avenue. The SUBJECT PREMISES is the building located adjacent to Magnolia Avenue and has the number "1320" on the front of the residence. A shared driveway on the west side of the property runs past the SUBJECT PREMISES and leads to the back area of the lot to addresses 1320 ½ Magnolia Avenue and 1320 ¾ Magnolia Avenue. The SUBJECT PREMISES is located on the south side of Magnolia Avenue, between Normandie Avenue to the west and Raymond Avenue to the east. On the curb directly in front of the SUBJECT PREMISES is the number "1320" in black numbers on a white background. The SUBJECT PREMISES's exterior walls are brown in color. Black security doors are located at the front of the residence as well as the west side of the residence. Large windows with brown window frames are located on both sides of the front door. Two windows with brown and white window frames are located on the east side of the residence. A brown, wooden fence runs along the east side of the property. A short, chain link fence runs along the west side of the property. The roof appears to be composed of brown colored shngles. The SUBJECT PREMISES includes any garages, sheds, outbuildings, storage areas, or other areas assigned to 1320 Magnolia Avenue, Gardena, California 90247. The SUBJECT PREMISES does not include the properties located at 1320 ½ Magnolia Avenue and 1320 ¾ Magnolia Avenue.

i






iii



Case 2:18-mj-03320-DUTY   Document 4   Filed 01/03/19   Page 7 of 14   Page ID #:208
Case 2:18-mj-03320-DUTY *SEALED*   Document 2-1 *SEALED*   Filed 12/17/18   Page 7 of 34
Page ID #:107

## ATTACHMENT B

### I. ITEMS TO BE SEIZED

1. The items to be seized are evidence, contraband, fruits, or instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2) (receipt and distribution of child pornography), and 2252A(a)(5)(B) (possession of child pornography) (the "Subject Offenses"), namely:

   a. Child pornography, as defined in 18 U.S.C. § 2256(8).

   b. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that refer to child pornography, as defined in 18 U.S.C. § 2256(8), including but not limited to documents that refer to the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, order, requesting, trade, or transaction of any kind, involving child pornography.

   c. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, tending to identify persons involved in the possession, receipt, distribution, transmission, reproduction, viewing, sharing, purchase, or downloading, production, shipment, order, requesting, trade, or transaction of any kind, involving child pornography, as defined in 18 U.S.C. § 2256.

   d. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that refer or relate to any production, receipt, shipment, order, request, trade, purchase, or transaction of any kind involving the transmission through interstate commerce by any means, including by computer, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

   e. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, identifying persons transmitting in interstate commerce,

v

including by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

   f. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, that identify any minor visually depicted while engaging in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

   g. Any and all records, documents, programs, applications, or materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings.

   h. Any records, documents, programs, applications, or materials identifying possible minor victims depicted in child pornography and/or minor victims of sexual abuse.

   i. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, which pertain to P2P file sharing software.

   j. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, which pertain to accounts with any Internet Service Provider.

   k. Any records, documents, programs, applications, or materials, including electronic mail and electronic messages, regarding ownership and/or possession of 1320 Magnolia Avenue, Gardena, California 90247 (the "SUBJECT PREMISES").

l.   Any records, documents, and material relating to IP address 23.243.146.36 (the "SUSPECT IP ADDRESS").

m.   Any records, documents, programs, applications, materials, and files relating to the deletion, uploading, and/or acquisition of files related to minor children, to include photographs, videos, e-mails, chat logs, or other files.

n.   Any records, documents, programs, applications, materials, and files relating to the online social media accounts of any minor children.

o.   Any digital device used to facilitate the above-listed violations and forensic copies thereof.

p.   Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the Subject Offense/s, and forensic copies thereof.

q.   With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

   i.   evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, e-mail, e-mail contacts, chat and instant messaging logs, photographs, and correspondence;

   ii.   evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

   iii.   evidence of the attachment of other devices;

    iv. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    v. evidence of the times the device was used;

    vi. passwords, encryption keys, and other access devices that may be necessary to access the device;

    vii. applications, utility programs, compilers, interpreters, or other software, as well as documentation and manuals, that may be necessary to access the device or to conduct a forensic examination of it;

    viii. records of or information about Internet Protocol addresses used by the device;

    ix. records of or information about the device's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

  2. As used herein, the terms "records," "documents," "programs," "applications," and "materials" include records, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

  3. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral

input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

## II. SEARCH PROCEDURE FOR DIGITAL DEVICES

4. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

   a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The government will not search the digital device(s) beyond this 120-day period without obtaining an extension of time order from the Court.

   b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

      i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the list of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the list of items to be seized.

ix

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase" and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques including to search for known images of child pornography.

  c. If the search team, while searching a digital device, encounters immediately apparent contraband or other evidence of a crime outside the scope of the items to be seized, the team shall immediately discontinue its search of that device pending further order of the Court and shall make and retain notes detailing how the contraband or other evidence of a crime was encountered, including how it was immediately apparent contraband or evidence of a crime.

  d. If the search determines that a digital device does not contain any data falling within the list of items to be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

  e. If the search determines that a digital device does contain data falling within the list of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

  f. If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the list of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

  g. The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

  h. After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

  5. In order to search for data capable of being read or interpreted by a digital device, law enforcement personnel are authorized to seize the following items:

  a. Any digital device capable of being used to commit, further, or store evidence of the offense(s) listed above;

  b. Any equipment used to facilitate the transmission, creation, display, encoding, or storage of digital data;

  c. Any magnetic, electronic, or optical storage device capable of storing digital data;

  d. Any documentation, operating logs, or reference manuals regarding the operation of the digital device or software used in the digital device;

  e. Any applications, utility programs, compilers, interpreters, or other software used to facilitate direct or indirect communication with the digital device;

  f. Any physical keys, encryption devices, dongles, or similar physical items that are necessary to gain access to the digital device or data stored on the digital device; and

  g. Any passwords, password files, biometric keys, test keys, encryption codes, or other information necessary to access the digital device or data stored on the digital device.

  6. During the execution of this search warrant, law enforcement is permitted to: (1) depress Jose Abrego's thumb- and/or fingers onto the fingerprint sensor of the device (only when the device has such a sensor), and direct which specific finger(s) and/or thumb(s) shall be depressed; and (2) hold the device in front of the Jose Abrego's face with his eyes open to activate the facial-, iris-, or retina-recognition feature, in order to gain access to the contents of any such device. In depressing a person's thumb or finger onto a device and in holding a device in front of a person's face, law enforcement may not use excessive force, as defined in Graham v. Connor, 490 U.S. 386 (1989); specifically, law enforcement may use no more than objectively reasonable force in light of the facts and circumstances confronting them.

  7. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.